cc: order, docket, remand letter to
Los Angeles Superior Court, BC395578

O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON TROMBLEY, | ) | Case No. CV 09-01129 DDP (RZx) |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO REMAND** |
| v. | ) | [Motion filed on March 15, 2009] |
| UNITED PARCEL SERVICE, INC., | ) | |
| Defendant. | ) | |

This matter comes before the Court on Plaintiff's Motion to Remand this case to state court. Defendant UPS opposes the Motion. UPS urges the Court to reconsider its October 2008 remand order. UPS argues that the Court's October 2008 remand order issued on the basis of a procedural ruling that exceeded the scope of 28 U.S.C. § 1447(c) because it was issued *sua sponte* and more than thirty days after removal. As a result, UPS argues, the Order is reviewable under § 1447(d). After reviewing the materials submitted by the parties, the Court grants the Motion.[1]

**I.   BACKGROUND**

---

[1] As the Court previously considered the issues raised in this motion in connection with its March 9 remand orders, the Court finds this Motion suitable for decision without oral argument.

Because the parties are well-aware of the procedural history of this case and its brethren, the Court does not review that history in detail here. The plaintiff is a former class member of <u>Michael Marlo v. United Postal Service</u>, Case No. 03-4336. <u>Marlo</u>, and this case, allege violations of state wage-and-hour law. After the Court decertified the <u>Marlo</u> class, Plaintiff filed an individual action in state court. Defendants removed on the basis of diversity jurisdiction. In an Order dated October 16, 2008, the Court *sua sponte* remanded the action because it was not satisfied that it had subject matter jurisdiction. Defendants removed again, and Plaintiff now moves to remand. On March 9, 2009, the Court granted motions to remand in fifteen related cases under similar circumstances.[2] <u>See, e.g.</u>, <u>Arpon v. United Parcel Service, Inc.</u>, Case No. CV 08-08085-DDP (Rzx), Docket No. 20 (March 9, 2009) ("March Order" or "March 2009 Order"). In its order, the Court noted – as it had during a hearing in the <u>Marlo</u> case – that it believed its *sua sponte* remand order was issued in error because there likely *is* subject matter jurisdiction; however, the Court determined that § 1447(d) precluded reconsideration of its October 2008 order and defendants' successive removal was otherwise procedurally improper. UPS has filed notices of appeal for all of the cases remanded pursuant to the March 9, 2009 Order.

**II.   THE COURT ISSUED ITS OCTOBER 2008 ORDER ON JURISDICTIONAL, NOT PROCEDURAL, GROUNDS**

  **A.   Legal Standard**

---

[2] In each of these cases, the plaintiff and UPS have each been represented by the same counsel they have retained for this action.

2

Pursuant to 28 U.S.C. § 1447(c), a district court may remand an action in two circumstances: (1) where there are procedural defects in removal (only on a motion filed within thirty days of removal) or (2) where the court finds that it lacks subject matter jurisdiction (either by motion or *sua sponte*). Section 1447(d) bars review of a remand order issued pursuant to § 1447(c) "on appeal or otherwise," a phrase which has been interpreted to include a bar on reconsideration of the order by the issuing court. See Seedman v. U.S. Dist. Court for the C.D. Cal., 837 F.2d 413, 414-15 (9th Cir. 1987) (per curiam). Section 1447(d) does *not* bar review of all remand orders, however. The Ninth Circuit has explained that "section 1447(d) must be read together with section 1447(c)." Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1191 (9th Cir. 2003). Accordingly, with respect to *sua sponte* remand orders,

> if the district court lacked authority to remand under section 1447(c), section 1447(d) would not preclude review. If, on the other hand, the district court had the power to remand *sua sponte* under section 1447(c), section 1447(d) would apply, and [the appellate court] would have no jurisdiction to review even if the remand was erroneous.

Id. Because district courts may not remand *sua sponte* on procedural grounds, see id. at 1193, such orders are outside the scope of § 1447(c), and § 1447(d) does not bar review of them, id.[3]

**B.    The October 2008 Remand Order**

---

[3] In the Court's March Order, the Court recognized these principles. See March Order at 9 n.3. It did not dwell on them, however, because its October 2008 order found a lack of subject matter jurisdiction.

3

The Court did not issue its October 2008 order on procedural grounds; rather, it appeared to the Court that the amount in controversy requirement was not satisfied for these state law claims, and the Court therefore remanded for lack of subject matter jurisdiction. The Court's October 2008 order discussed whether UPS had met its burden to show jurisdiction, and found that it had not. That is, the Court was not satisfied based on the evidence that it had jurisdiction. As the Court recognized in its March 2009 Order, by holding that UPS had not satisfied its burden to establish jurisdiction, the Court did not consider certain procedural requirements, such as what triggers the thirty-day window for removal, that might be distinct from jurisdiction but impact a defendant's showing as to jurisdiction. The Court did not account for procedural issues because the Court's order considered *only* jurisdiction (and remanded on jurisdictional grounds), *instead of* taking into account procedural posture, as would have been more appropriate in hindsight.[4]

The Court has repeatedly indicated that its October 2008 order concerned *jurisdiction*, not the procedural requirements on removal. See October 2008 Order at 2-3 (discussing whether subject matter jurisdiction requirement was met); March 2009 Order at 4-5 (quoting

---

[4] UPS suggests that the Court's March 2009 Order makes clear that the October 2008 Order was based on "procedural insufficiency." Opp. at 8-9. UPS characterizes the March 2009 Order as "repeatedly acknolwedg[ing]" that the Court never reached a conclusion that it lacked jurisdiction. The March 2009 Order did no such thing. Rather, the quoted sections simply recognized what the Court considers to be error in its earlier approach – although the October Order *only* addressed jurisdiction, the Court's March Order posited that it should have taken two steps. The Court did not consider whether the Notice of Removal was procedurally adequate, but rather whether the defendant had met its substantive burden.

4

1  October 2008 Order); id. at 11 (characterizing the October remand
2  order as "consider[ing] whether the defendant had met its burden to
3  show that there was jurisdiction"); id. at 14 (October 2008 order
4  considered only whether the court was satisfied that there was
5  jurisdiction); Def.'s Request for Judicial Notice ("RJN")
6  (Transcript of February 23, 2009 Hearing) at 7:9-15 ("I should
7  issue – if I have doubts about jurisdiction, which is different
8  from [the] removability issue – [an] order to show cause or afford
9  the removing parties some other due process once they've satisfied
10 the removability threshold.  I didn't do that.  I do it most of the
11 time, but *I sort of looked at it – this case; looked at the volume*
12 *and thought, well, you know, it's just not there*." (emphasis
13 added)).  While the Court's order did not explicitly find that
14 there was no jurisdiction, such a finding must be implied from its
15 discussion in that order, and elsewhere.  If the defendant has the
16 burden to prove that the court has jurisdiction, and the court
17 finds that the defendant has not met this burden, the only logical
18 implication from that finding is that the court has found a lack of
19 jurisdiction.  It cannot be the case that any time the defendant
20 does not meet its burden to show jurisdiction, the decision is
21 "procedural."  Such a holding would blur the line between
22 substantive and procedural rulings, and would make nearly every *sua*
23 *sponte* decision exempt from § 1447(d).[5]  That the Court considers

---

[5] In Ellenberg v. Spartan Motors Chassis, Inc., 519 F.3d 192 (4th Cir. 2008), discussed immediately below, the Fourth Circuit emphasized the dangers inherent in *sua sponte* remand. See Ellenberg, 519 F.3d at 199 ("'By acting without any motion, district judges increase the error – both legal error and error in understanding the parties' desires.'" (quoting In re Cont'l Cas. Co., 29 F.3d 292, 294-95 (7th Cir. 1994))).  In its March 2009
(continued...)

5

its October approach to have been unwise does not change the basis for the October 2008 Order – and whether the order can be reviewed turns on the *basis* for *sua sponte* remand.

In support of its argument that the Court's October 2008 order was procedural in nature, UPS cites to the Fourth Circuit's decision in <u>Ellenburg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d 192 (4th Cir. 2008). In <u>Ellenberg</u>, the Fourth Circuit considered whether a *sua sponte* remand order by the district court was within the scope of § 1447(c). The district court had stated that the case was before it "for a determination as to whether it ha[d] subject matter jurisdiction over the matter," and ruled that the defendants' allegations of diversity jurisdiction were inadequate and that their Notice of Removal failed to establish that the amount in controversy exceeds the jurisdictional amount. 519 F.3d at 197. The district court stated that the removing party had not presented a sufficient factual basis for the court to make an informed decision as to the amount in controversy, and therefore remanded the case. <u>Id.</u> The Fourth Circuit found that the district court "never reached the conclusion that it lacked subject matter jurisdiction," but only that the Notice of Removal did not provide a sufficient factual basis to permit the Court to determine jurisdiction. <u>Id.</u> The Fourth Circuit looked both to the district court's remand order and its order denying the defendants' motion for reconsideration. <u>Id.</u> On the basis of those orders, the Fourth Circuit characterized the district court's ruling as a procedural

---

[5](...continued)
order, as well as in court, the Court expressed a similar sentiment. <u>See</u> Def.'s RJN, Ex. A at 7:25-8:5, 9:8-11.

6

one that, as a *sua sponte* decision, was decided outside the scope of the district court's authority under § 1447(c). Section 1447(d) therefore did not bar review of the order.

The Court declines to follow Ellenberg's result here. The Court recognizes some parallel between the district court's actions in that case and the Court's October 2008 order here. Here, as there, the Court did not clearly state that it found no jurisdiction; here, as there, the Court had before it limited information. In this case, however, the Court's discussion betrays that the Court was considering whether the defendant had met its burden of establishing that the amount in controversy meets the statutory threshold. The Court concluded that the defendant had not submitted evidence sufficient to meet this burden, and therefore impliedly found that there was no jurisdiction. As the Court recognized in its March 2009 Order, the October 2008 order did not consider issues surrounding removability. The October 2008 Order did not indicate that the Court had insufficient information to make its ruling, but ruled anyway. Rather, as the Court explained in the February 23, 2009 hearing on several motions in the Marlo case, when the Court questions whether there is jurisdiction, it normally issues an order to show cause, but in this case, the Court "looked at it – this case; looked at the volume and thought, well, you know, it's just not there." Def.'s RJN, Ex. A at 7:9-15. To the extent Ellenberg can be read to hold that a ruling that the defendant has not met its burden to prove jurisdiction is *procedural*, the Court finds such a holding unpersuasive because it blurs the line between a substantive decision and a procedural one: if the defendant has met its burden

to prove there is jurisdiction, the court has jurisdiction; if the defendant has not met this burden, it does not.

In sum, § 1447(c) authorizes *sua sponte* remand (and, indeed, *requires* remand) when a court finds that it does not have subject matter jurisdiction. The removing defendant has the burden to show that the Court has subject matter jurisdiction. By ruling that UPS had not met that burden, the Court found that it did not have subject matter jurisdiction. On informal reconsideration, the Court views that October 2008 ruling to have been issued in error: although the Court's ruling was based solely on jurisdictional grounds, the better approach would have been to have distinguished between removability and jurisdiction. Because of the constraints imposed by § 1447(d), however, the Court cannot review its prior decision.

### III. REMAND IS APPROPRIATE

For the reasons stated in the Court's March 9, 2009 Order, the Court finds remand appropriate here. For the sake of completeness, the Court briefly states those reasons below.

The August 8, 2008 letter triggered the § 1446(b) removal period. UPS had indicated in its letter to Plaintiff's counsel that it read the Complaint to seek more than the jurisdictional minimum. After Defendant requested confirmation as to the amount in controversy from Plaintiff and received that confirmation from Plaintiff's Counsel on August 8, 2008, the basis for removal – diversity jurisdiction – was apparent and the thirty-day removal window therefore triggered. See Babasa v. Lenscrafters, Inc., 498 F.3d 972, 975 (9th Cir. 2007) (settlement letter between counsel that discussed an amount over the jurisdictional minimum was

8

1  sufficient to put defendant on notice that diversity jurisdiction
2  could be a basis for federal jurisdiction); Cohn v. Petsmart, Inc.,
3  281 F.3d 837, 840 (9th Cir. 2002) (letter stating specific value of
4  property at issue is relevant to the amount in controversy); see
5  also Wilson v. Belin, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (letter
6  from the plaintiff's counsel stating that amount in controversy
7  over jurisdictional requirement, removal proper).  This letter was
8  exchanged in reference to this action, as UPS specifically sought
9  information as to this Plaintiff.  See Kocaj v. Chrysler Corp., 794
10 F. Supp. 234, 236-37 (E.D. Mich. 1972).  As of the full exchange
11 between Plaintiff and Defendant, Defendant had ascertained that the
12 case was removable because there was diversity of citizenship and
13 the plaintiff sought over $75,000.  It was no longer a case where
14 there was merely a "clue" as to jurisdiction- notice of
15 removability had been given.
16      Although Defendant received additional specific information
17 once the case was remanded to the state court, that additional
18 information did not trigger a second thirty-day removal period
19 based on the same grounds.  It cannot be the case that each time a
20 defendant receives more specific details about a known basis for
21 federal jurisdiction a new removal period begins.  Such a rule
22 would make meaningless § 1446(b)'s requirement that a notice of
23 removal be filed within thirty days after the defendant receives a
24 paper "from which it may *first* be ascertained that the case is one
25 which is or has become removable," 28 U.S.C. § 1446(b) (emphasis
26 added), and undermine the policies on which Harris rests, i.e.,
27 "minimiz[ing] the potential for a cottage industry of removal
28 litigation."  Harris, 425 F.3d at 698.  This would be a different

case if the only question was whether the Case Management Statement provided the grounds for a successive removal or if the new basis for removal was federal question jurisdiction.

**IV.  CONCLUSION**

    For the foregoing reasons, the Court grants the Motion to Remand.

IT IS SO ORDERED.

Dated: May 12, 2009

                                DEAN D. PREGERSON
                                United States District Judge